UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MARILYN SLUDER, ) | Civil Action No.: 4:16-cv-3199-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| NATIONSTAR MORTGAGE, LLC; ) | |
| BANK OF AMERICA, N.A.; ROGERS ) | |
| TOWNSEND & THOMAS, P.C.; and ) | |
| LSF9 MASTER PARTICIPATION TRUST;) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.  INTRODUCTION

Plaintiff, who is proceeding pro se, originally filed this action in state court. Defendants removed it to this court pursuant to 28 U.S.C. § 1331 based upon the presence of federal questions under the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. §§ 2601 et seq., and the Truth in Lending Act (TILA) 15 U.S.C. §§ 1601, et seq. This action arises out of Plaintiff's attempts to modify her mortgage loan and avoid foreclosure of her property.

Presently before the court are Plaintiff's Motion to Continue Case (Document # 21), Motion to Vacate Summary Eviction Order (Document # 27), and Motion to Appoint Counsel (Document # 30) and Defendant LSF9 Master Participation Trust through its servicer Caliber Home Loans, Inc.'s Motion to Strike (Document # 24). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

## II. PLAINTIFF'S MOTIONS

In September and October of 2016, Defendants filed Motions to Dismiss (Documents # 13, 18). Because she is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motions could result in the motions being granted, resulting in dismissal of her claims. Plaintiff has not filed responses to these motions. However, on November 8, 2016, Plaintiff filed a Motion to Continue Case (Document # 21), requesting that the court "continue her case 4:16-3199 until January calendar in order for me to have my eye and back surgeries and meet with my attorneys." Motion to Continue (Document # 21) p. 2. She indicated that she had been working with her attorneys (who have not made an appearance in this case) to complete a Making Home Affordable Loan. This motion is granted. **Plaintiff shall have fourteen days from the date of this order to file a response to Defendants' motions.**

On January 26, 2017, Plaintiff filed a Motion to Vacate Summary Eviction Order, or in the Alternative, Motion to Stay (Document # 27), in which she asks the court to vacate an eviction order dated January 18, 2017, entered by an unidentified court or stay the eviction order until the present case is settled. The Rooker-Feldman doctrine prohibits lower federal courts from reviewing the findings or rulings of state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Friedman's, Inc. v. Dunlap, 290 F.3d 191 (4th Cir.2002). Further, the Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 2283. As such, this court lacks jurisdiction to provide the relief sought by Plaintiff in this motion. Therefore, the motion is denied.

On February 27, 2017, Plaintiff filed a Motion to Appoint Counsel (Document # 30). She

states that she is on disability income[1] and is the sole caretaker for her eighty-seven year old mother. Plaintiff asserts that she has interviewed "no less than three attorneys" who have all quoted retainer fees of ten thousand dollars or more. For these reasons, she seeks appointment of counsel. There is no constitutional right to appointment of counsel in civil cases, and the decision whether to appoint counsel is within the discretion of the Court. 28 U.S.C. § 1915(d); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971). However, the appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has failed to point to exceptional circumstances warranting appointment of counsel in this case. Therefore, her motion is denied.

**III.   DEFENDANT'S MOTION**

Defendant LSF9 Master Participation Trust through its servicer Caliber Home Loans, Inc. filed a Motion to Strike (Document # 24) certain portions of Plaintiff's Motion to Continue. Specifically, this Defendant seeks to strike copies of a settlement offer (Document # 21-1 pp. 1, 2, 19) made by way of counsel for Defendant to Plaintiff. Defendant argues that settlement negotiations are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence and, thus, should be stricken. The court did not consider these portions of Plaintiff's motion to continue in ruling on the motion. Defendant also states that these settlement offers should not be a part of the public record. However, Rule 408 prohibits the use of evidence of settlement negotiations "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." It makes no mention regarding the public nature of such evidence, and further provides that a court may admit such evidence for other purposes. Therefore, Defendant's motion is denied.

---

[1]Plaintiff asserts that she was in a serious car accident in 2003, in which she suffered multiple injuries, including traumatic brain injury, and has had a total of seventeen surgeries.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Continue Case (Document # 21) is **GRANTED and Plaintiff shall have fourteen days from the date of this order to file a response to Defendants' Motions to Dismiss (Documents # 13, 18). Plaintiff is reminded that failure to respond to these motions could result in dismissal of her case.** See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff's Motion to Vacate Summary Eviction Order (Document # 27) is **DENIED**, Plaintiff's Motion to Appoint Counsel (Document # 30) is **DENIED**, and Defendant LSF9 Master Participation Trust's Motion to Strike (Document # 24) is **DENIED**.

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 23, 2017
Florence, South Carolina