IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marilyn Sluder, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:16-cv-3199-BHH |
| v. ) | |
| ) | |
| Nationstar Mortgage, LLC; ) | **ORDER** |
| Bank of America, N.A.; Rogers ) | |
| Townsend & Thomas, P.C.; and ) | |
| LSF9 Master Participation Trust, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Marilyn Sluder's ("Plaintiff") complaint,

which arises out of her attempts to modify her mortgage loan and avoid foreclosure of her

property. Plaintiff originally filed her complaint in state court, but Defendants removed the

case to federal court based upon the presence of federal questions under the Real Estate

Settlement Procedures Act, 12 U.S.C. §§ 2601–2617, and the Truth in Lending Act, 15

U.S.C. § 1601.

On September 27, 2016, Defendant Rogers Townsend & Thomas, P.C., filed a

motion to dismiss, and on October 5, 2016, the other Defendants also filed a motion to

dismiss. Plaintiff filed a response to Defendants' motions on July 24, 2017. In accordance

with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was

referred to a United States Magistrate Judge for preliminary determinations. On July 25,

2017, Magistrate Judge Thomas E. Rogers, III issued a report and recommendation

("Report") outlining Plaintiff's claims and recommending that the case be remanded to the

Horry County Court of Common Pleas for lack of subject matter jurisdiction under the

*Rooker-Feldman* doctrine. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this case should be remanded to the Horry County Court of Common Pleas for lack of subject matter jurisdiction in light of the principles of the *Rooker-Feldman* doctrine.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 40) and incorporates it herein, and the Court remands this case to the Horry County Court of Common Pleas.

**IT IS SO ORDERED.**

s/ Bruce Howe Hendricks
Bruce Howe Hendricks
United States District Judge

August 15, 2017
Charleston, South Carolina